U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

2013 AUG 28  P 4: 18

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN BRYAN VILLEGAS | ) |

1:13-cr- 75-01-SM

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America by its attorney, John P. Kacavas, the United States Attorney for the District of

New Hampshire, and the defendant, John Bryan Villegas ("defendant"), and the defendant's

attorney, Bjorn Lang, Esq., enter into the following Plea Agreement:

1. **The Plea and The Offense**.

The defendant agrees to waive his right to have this matter presented to a grand jury and

plead guilty to an Information charging him with one count of cyberstalking, in violation of 18

U.S.C. §2261A(2)(A).

In exchange for the defendant's guilty plea, the United States agrees to recommend the

low end of the applicable guideline range as ultimately found by the Court, as set out in

paragraph 6 of this agreement.

2. **The Statutes and Elements of the Offenses**.

**COUNT ONE (Cyberstalking)**

Title 18, United States Code, Section 2261A(2) provides, in pertinent part:

Whoever (2) with intent (A) to kill, injure, harass, or place under surveillance with intent

to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another

1

State . . . uses the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person . .. shall be punished as provided in section 2261(b) of this title.

18 U.S.C. §2261A(2)(A) (West 2009).

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, the defendant intended to harass or cause substantial emotional distress to a person in another state;

Second, the defendant used an interactive computer service or facility of interstate commerce to engage in a course of conduct; and

Third, that course of conduct caused substantial emotional distress to that person.

3. **Offense Conduct**.

The defendant stipulates and agrees that if this case proceeded to trial, the government would prove the following facts beyond a reasonable doubt:

From in or about July 10-July 16, 2012, the defendant, while in Kittery, Maine, anonymously sent multiple electronic mail ("e-mail") messages to a person whose identity is known to the government and to the defendant but is identified herein as "Jane Doe," who resided in the District of New Hampshire. In these e-mail messages, defendant told Jane Doe that he had "a lot" of "x-rated" photographs of her. As proof, he described, in detail, various sexually explicit photographs of her and sent her several sample photographs, namely, private photographs of a sexual nature that had been stored on Jane Doe's stolen laptop computer. Jane Doe possessed a laptop computer, where she had stored private photographs of herself of a

2

sexual nature.    Without Jane Doe's authorization, defendant had repeatedly viewed the private

photographs of Jane Doe that were of a sexual nature and that had been stored on her laptop

computer.    Defendant directed Jane Doe to take additional, new photographs and videos of

herself engaging in various sexually explicit scenarios that he specified.    He directed Jane Doe

to send those sexually explicit photographs and videos to him via e-mail.

When Jane Doe responded to defendant by e-mail and refused his demand, defendant told

Jane Doe that if Jane Doe did not comply, he would "dox" her.    As defendant explained

"doxing" to Jane Doe, he would "leak" on the internet the photographs and other personal

information about her that defendant already had.    Defendant also demonstrated to Jane Doe

that he knew her name, where she resided, her young son's name, her boyfriend's name, her

ex-husband's name, and where she worked.    He warned Jane Doe that if she did not provide

him with the requested additional sexually explicit photographs and videos, he would send the

ones that he already had throughout Dover, New Hampshire, as well as to her ex-husband,

boyfriend, and a recent former employer.

### 4.    **Penalties, Special Assessment and Restitution**.

The defendant understands that the penalties for the offense are:

A.    A maximum prison term of five (5) years on count one;

B.    A maximum fine of $ 250,000 (18 U.S.C. §3571); and

C.    A term of supervised release of not more than three years.    The defendant
understands that the defendant's failure to comply with any of the
conditions of supervised release may result in revocation of supervised
release, requiring the defendant to serve in prison all or part of the term of
supervised release, with no credit for time already spent on supervised
release (18 U.S.C. §3583).

The defendant also understands that he will be required to pay a special assessment of

3

$100, at or before the time of sentencing, and that the Court may, or shall, order him to pay restitution to the victim of the offense, pursuant to 18 U.S.C. §3663 or §3663A.

    5.   **Sentencing and Application of the Sentencing Guidelines**.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines.   The defendant further understands that he has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or his sentence is other than he anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

    A.    Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

    B.    Respond to questions from the Court;

    C.    Correct any inaccuracies in the pre-sentence report;

    D.    Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

    6. **Sentencing Agreement**.

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the government and the defendant agree that the

4

government will recommend the low end of the applicable guideline range as ultimately found by the Court.

The defendant understands that the Court is not bound by the foregoing agreement and, with the aid of a pre-sentence report, the court will determine the facts relevant to sentencing. The defendant also understands that if the Court does not accept the above agreements, such rejection by the Court will not be a basis for the defendant to withdraw his guilty plea.

The defendant understands and agrees that the United States may argue that other sentencing enhancements should be applied in determining the advisory guideline range in this case, and he is permitted to object to them.

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7. **Acceptance of Responsibility**.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. . The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

   A.   Fails to admit a complete factual basis for the plea at the time he is
         sentenced or at any other time;

   B.   Challenges the United States' offer of proof at any time after the plea is
         entered;

5

C.      Denies involvement in the offense;

D.      Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E.      Fails to give complete and accurate information about his financial status to the Probation Office;

F.      Obstructs or attempts to obstruct justice, prior to sentencing;

G.      Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H.      Fails to appear in court as required;

I.      After signing this Plea Agreement, engages in additional criminal conduct; or,

J.      Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. §3E1.1(b).

6

8.  **Waiver of Trial Rights and Consequences of Plea**.

The defendant understands that he has the right to be represented by an attorney at every

stage of the proceeding and, if necessary, one will be appointed to represent him.    The

defendant also understands that he has the right:

A.    To plead not guilty or to maintain that plea if it has already been made;

B.    To be tried by a jury and, at that trial, to the assistance of counsel;

C.    To confront and cross-examine witnesses;

D.    Not to be compelled to provide testimony that may incriminate him; and

E.    To compulsory process for the attendance of witnesses to testify in his
      defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the

foregoing rights and that upon the Court's acceptance of the his guilty plea, he will not be

entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions

about the offense, and if he answers those questions falsely under oath, on the record, and in the

presence of counsel, his answers will be used against him in a prosecution for perjury or making

false statements.

9.  **Acknowledgment of Guilt; Voluntariness of Plea**.

The defendant understands and acknowledges that he:

A.    Is entering into this Plea Agreement and is pleading guilty freely and
      voluntarily because he is guilty;

B.    Is entering into this Plea Agreement without reliance upon any promise of
      benefit of any kind except as set forth in this Plea Agreement;

C.    Is entering into this Plea Agreement without threats,

7

force, intimidation, or coercion;

D.    Understands the nature of the offense to which he is pleading guilty,
      including the penalties provided by law; and

E.    Is completely satisfied with the representation and advice received from his
      undersigned attorney.

10.  **Scope of Agreement**.

The defendant acknowledges and understands that this Plea Agreement binds only the

undersigned parties and cannot bind any other non-party federal, state or local authority.   The

defendant also acknowledges that no representations have been made to him about any civil or

administrative consequences that may result from the his guilty plea.   The defendant understands

such matters are solely within the discretion of the specific non-party government agency

involved.   The defendant further acknowledges that this Plea Agreement has been reached

without regard to any civil tax matters that may be pending or which may arise involving the

defendant.

11.   **Collateral Consequences**.

The defendant understands that as a consequence of his guilty plea he will be adjudicated

guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right

to vote, to hold public office, to serve on a jury, or to possess firearms.

12.   **Satisfaction of Federal Criminal Liability; Breach**.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal

liability in the District of New Hampshire arising from his participation in the conduct that forms

the basis of the information in this case.   The defendant understands that if, before sentencing, he

violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to

8

appear for sentencing, the United States may consider such conduct to be a breach of the Plea

Agreement and may withdraw therefrom.

    13.    **Waivers.**

    A.    **Appeal.**

The defendant understands that he has the right to challenge his guilty plea and/or sentence

on direct appeal.   By entering into this Plea Agreement the defendant knowingly and voluntarily

waives his right to challenge on direct appeal:

    1.    His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

    2.    The sentence imposed by the Court if within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his rights does not operate to waive an appeal based upon new

legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea

Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel in the

negotiation of this Plea Agreement or at the sentencing hearing.

    B.  **Collateral Review**

The defendants understands that he may have the right to challenge his guilty plea and/or

sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §2241 or §2255.   By entering

into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally

challenge:

    1.    His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

2.     The sentence imposed by the Court if it falls within, or lower than, the guideline range as determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel in the negotiation of the Plea, Plea Agreement or the sentencing hearing.   The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. **Freedom of Information and Privacy Acts**

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. **Appeal by the Government**

Noting in this Plea Agreement shall operate to waive the rights or obligations of the Government to pursue an appeal as authorized by law.

14.     **No Other Promises**.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

10

15.    **Final Binding Agreement**.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

16.    **Agreement Provisions Not Severable**.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

11

JOHN P. KACAVAS
United States Attorney

Date: 8-28-13          By: _____
                            Arnold Huftalen
                            Assistant U.S. Attorney
                            53 Pleasant St., 4th Floor
                            Concord, NH 03301
                            (603) 225-1552
                            arnold.huftalen@usdoj.gov

Date: 8-28-13          By: _____ (ARNOLD N. HUFTALEN)
                        FOR Mona Sedky, Trial Attorney
                            U.S. Dept. of Justice
                            950 Pennsylvania Ave. NW
                            Washington, DC 20530
                            (202) 353-4304
                            mona.sedky@usdoj.gov

    The defendant, John Bryan Villegas, certifies that he has read this 12-page Plea Agreement and that he fully understands and accepts its terms.

Date: 22 AUG 2013     _____
                       John Bryan Villegas, Defendant

    I have read and explained this 12-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: 8/26/13         _____
                       Bjorn Lang, Esq.
                       Attorney for John Bryan Villegas

12