UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:13-cr-075-01-JL |
| | ) | |
| JOHN BRYAN VILLEGAS | ) | |

**GOVERNMENT'S SUPPLEMENTAL OBJECTION TO THE DEFENDANT'S MOTION FOR A NON-GUIDELINE SENTENCE, AND SENTENCING MEMORANDUM**

On January 2, 2014, the Government filed its Objection to the Defendant's Motion for a Non-Guideline Sentence and Sentencing Memorandum.  See Docket # 32 and #32-1.  In that Objection, at pages 3-4, the government noted:

> After being arrested, during an interview with SA O'Neill, and in a statement written by him, the defendant denied being involved in the burglary and denied stealing Jane Doe's laptop.  Instead, he stated he had hacked into an on-line computer account of Jane Doe and from there obtained the photographs used for his extortionate demands.  *See* Exhibit #1, redacted copy of Defendant's post Miranda hand written statement.  That version of events is inconsistent with the victim's statement that the photographs were never uploaded to the Internet, and is inconsistent with what the Secret Service was able to learn about Jane Doe's on-line account.  However, for purposes of the plea in the instant case, how the defendant obtained the photos was legally and factually irrelevant.  All that mattered was that he admit engaging in conduct that satisfied the elements of the charged offense, which he did.
>
> However, in a telephone conversation with the Strafford County Attorney today, the undersigned learned that the defendant has agreed to, and is scheduled to, plead guilty in Strafford County Superior Court on January 8, 2014, the day after his sentencing here, to burglarizing the victim's residence and will be sentenced to 12 months committed, to run concurrently with the sentence in this case.  If, in fact, the defendant committed the burglary (which he denied to SA O'Neill) he has arguably obstructed justice and may be deserving of an additional 2 point enhancement, pursuant to USSG §3C1.1.  However, since he has not yet admitted the burglary, the government is bound by the Plea Agreement to recommend the low end of the guideline range found by the Court, and it will honor that obligation.  However, the government also has an obligation to bring all relevant and material information to the Court's attention.

However, since that time the defendant has in fact pleaded guilty to the burglary charge in Strafford County Superior Court.  As has already been noted, the victim in this case has been

1

significantly traumatized, not only by the extortionate conduct that forms the basis of the conviction here, but at least as much by the burglary and the attendant knowledge that someone, somewhere, after violating her personal space, possessed her personal property, including her underwear and her laptop on which very private and sensitive information was stored.

It was with some very limited relief that the victim took the news of the defendant's admission to burglarizing her home.  At least she could then find some modicum of comfort and closure in the knowledge that there was not some other person out there for whom she would spend the rest of her life looking over her shoulder, figuratively and literally.

The government agrees with the Probation Office's assessment that the defendant's lies to the Secret Service about not committing the burglary do not support a two-point enhancement pursuant to USSG §3C1.1 because they did not go to the count of conviction.  Nonetheless, they were obstructive.  They were obstructive of a possible federal charge of the interstate transportation of stolen property, since the burglary occurred in New Hampshire and the defendant lived in Maine.  They were also obstructive of the State burglary investigation. Clearly, and unless he has lied to the New Hampshire Superior Court and falsely admitted guilt regarding the burglary, he knowingly and intentionally lied to the Secret Service on an issue that was then currently under investigation and with respect to which there was a judicial proceeding pending; the Criminal Complaint had been issued and the defendant was aware of its issuance. Consequently, the government could withdraw its support of acceptance of responsibility credit based upon either or both paragraph 7 F and G of the Plea Agreement, which state:

7. **Acceptance of Responsibility**.

The United States agrees that it will not oppose an appropriate reduction in the

defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense.  The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

> . . .
>
> F.    Obstructs or attempts to obstruct justice, prior to sentencing;
>
> G.    Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;
>
> . . .

Although it could be done, it is the considered judgment of the undersigned and co-counsel that such will not be done here.  Instead, the government accepts the PSI as written and will stand by its agreement to recommend the low end of the applicable guideline range as ultimately found by the Court.  However, the PSI has been amended since the government originally submitted its objection, and it has now taken into account the burglary conviction that raises the defendant's Criminal History Category from I to II and his advisory guideline range from 24-30 to 27-33 months.

For the reasons set out in its original Objection, and above, the government objects to the defendant's request for a variant sentence and recommends that the Court impose:  1) a 27-month prison sentence; 2) a 3-year term of supervised release; 3) a $3,000 fine; 4) a $100 special assessment; and, 4) order restitution, as set out in the PSI.

March 12, 2014

                                               Respectfully submitted,

                                               JOHN P. KACAVAS
                                               United States Attorney

By: /s/ Arnold H. Huftalen
     Arnold H. Huftalen
     Assistant U.S. Attorney
     53 Pleasant St., 4th Floor
     Concord, NH 03301
     (603) 225-1552
     NH Bar #1215
     arnold.huftalen@usdoj.gov

     /s/ Mona Sedky
     Mona Sedky
     Senior Trial Attorney
     U.S. Dept. of Justice, Crim. Div.
     950 Pennsylvania Ave. NW
     Washington, DC 20530
     (202) 353-4304
     DC Bar #447968
     mona.sedky@usdoj.gov

## CERTIFICATE OF SERVICE

      I certify that a copy of this Objection and Memorandum, with attached Exhibit #1, has been served upon defense counsel of record, Bjorn Lange, via ECF filing notice this date, March 12, 2014.

                                             /s/ Arnold H. Huftalen
                                             Arnold H. Huftalen